FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-3570
_____

MICHAEL ANDREW BAKER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Mary Polson, Judge.

March 20, 2024

PER CURIAM.

We dismiss Appellant's challenge of the trial court's decision not to downward depart. *See Wilson v. State*, 306 So. 3d 1267, 1273 (Fla. 1st DCA 2020) (holding that appellate review of the trial court's denial of a downward departure sentence is only appropriate when the trial court "misapprehends its discretion to depart or refuses to exercise that discretion as a matter of policy").

Additionally, we affirm Appellant's unpreserved claim that he should have been credited with time served for time spent on bail subject to electronic monitoring. *See Jackson v. State*, 983 So. 2d 562, 569 (Fla. 2008) (noting that "for sentencing errors, to raise even fundamental error on appeal, defendants must first file a motion under rule 3.800(b)").

OSTERHAUS, C.J., and LEWIS, J., concur; TANENBAUM, J., concurs in part and dissents in part with opinion.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

TANENBAUM, J., concurring in part and dissenting in part.

Before this court is an appeal from a sentencing order, which is a final order. We have appellate jurisdiction because the Florida Constitution says so. *See* Art. V, § 4(b)(1), Fla. Const. ("District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts. . . ."). Despite the disposition in *Wilson*, it makes no sense to "dismiss" an argument on appeal, or the appeal itself, if our jurisdiction properly has been invoked by the filing of a timely notice of appeal regarding a final sentencing order.

In this case, the defendant, who was forty-eight years old at the time of the offense, pleaded no contest to the charge of having sex with the sixteen-year-old daughter of his best friends. The defendant and the victim apparently were under the influence of alcohol and possibly marijuana. The plea agreement the defendant had with the State called for a sentencing cap of ten years' imprisonment on the second-degree felony. His sentencing scoresheet put his lowest permissible sentence at sixty-six months. The transcript of the sentencing hearing amply demonstrates that, in the light of the evidence presented, the trial court at no point was inclined to show the defendant leniency. The lowest permissible sentence, let alone a departure below, was not on the table. The trial court noted the significant age difference between the defendant and the victim, the position of trust that the defendant held with respect to the victim, and the emotional and psychological damage that the defendant has caused the victim.

2

The trial court was well within its prerogative, based on the record before it, to impose a sentence at the cap. Section 921.0026(1), Florida Statutes, prohibits a trial court from imposing a sentence below the lowest permissible sentence calculated based on sentencing points "unless there are circumstances or factors that reasonably justify the downward departure." The defendant argues that there were two statutorily enumerated factors to support a departure, and the trial court found that there was evidence demonstrating one of them. Even though the trial court recognized it had the ability to depart under just the one factor, it nevertheless imposed the maximum sentence under the plea agreement. Put simply, the trial court was never seriously inclined to impose a sentence at the low end of the sentencing range presented by the plea agreement, regardless of whether it could depart. The defendant's argument that the trial court erred in declining to impose a departure sentence based on the other factor urged by him, in turn, is of no moment here.

We have the authority to consider the defendant's appeal, including *both* of his arguments for vacating the sentence. His arguments simply fail to pass legal muster under the standards of review applicable to the issues he raises. I would affirm the sentencing order in full.

———————————————

Robert L. Sirianni, Jr. of Brownstone, P.A., Winter Park, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.